SH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Daniel Tiedemann, Sr., | No. CV 17-00597-TUC-CKJ |
| Plaintiff, | |
| v. | **ORDER** |
| Mary M. Mitchell, et al., | |
| Defendants. | |

Plaintiff Kenneth Daniel Tiedemann, Sr., who is currently confined in the Federal Correctional Institution (FCI) in Herlong, California, brought this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants have filed a Motion to Dismiss for lack of jurisdiction. (Doc. 52). Plaintiff was informed of his rights and obligations to respond (Doc. 53), and he opposes the Motion. (Doc. 55.) Also before the Court are Plaintiff's Motion for Leave to File Excess Pages (Doc. 54), Motion for Preliminary Injunction (Doc. 56), and Motion for Status Update (Doc. 60).

**I.  Background**

On April 9, 2019, Plaintiff, who was then confined in the United States Penitentiary (USP)-Tucson, filed a six-count First Amended Complaint (Doc. 10), asserting claims under the Fifth Amendment's Due Process and Equal ProtectionClauses. In a July 26, 2018 Order (Doc. 12), the Court dismissed the First Amended Complaint and this action for failure to state a claim. Plaintiff sought review in the Ninth Circuit Court of Appeals,

and in a September 23, 2019 memorandum disposition, the Ninth Circuit affirmed the dismissal of Plaintiff's equal protection claim for injunctive relief but vacated the dismissal of his due process claim for injunctive relief and remanded the case to this Court for further proceedings. *See Tiedemann v. Mitchell*, No. 18-17112, Doc. 12 (9th Cir. Sept. 23, 2019). The Ninth Circuit stated that, "[o]n remand, the district court may also wish to consider whether, liberally construing the operative complaint, Tiedemann alleged a First Amendment freedom of association claim." *Id.*, Doc. 12 at 2-3.

On remand, the Court determined that Plaintiff stated First Amendment freedom of association and Fifth Amendment substantive due process claims for equitable relief against Defendants Federal Bureau of Prisons (BOP) Regional Director Mary M. Mitchell, USP-Tucson Warden J.T. Shartle, and FCI-Mendota Warden Rafael Zuniga in their official capacities based on their alleged failure to increase his telephone minutes so that he could communicate with his sons. (Doc. 28 at 7; Doc. 38 at 2.) The Court ordered these Defendants to respond to the First Amended Complaint. (Doc. 28 at 7.) Subsequently, BOP Regional Director Gene Beasley was substituted for Defendant Mitchell, USP-Tucson Warden B. von Blanckensee was substituted for Defendant Shartle, and FCI-Mendota Warden Scott Young was substituted for Defendant Zuniga. (Doc. 45.)

Defendants now move to dismiss the First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 52.)

**II.     Federal Rule of Civil Procedure 12(b)(1)**

Rule 12(b)(1) allows a defendant to raise the defense that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. When considering a motion to dismiss for lack of subject matter jurisdiction, the Court takes as true the allegations outlined in the complaint. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). But the Court is not restricted to the face of the pleadings; it may consider affidavits to resolve any factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). If a defendant files a Rule 12(b)(1) motion attacking the existence of subject-matter jurisdiction, the plaintiff bears

the burden of proving that jurisdiction exists. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Under Article III of the Constitution, the jurisdiction of a federal court depends on the existence of a "case or controversy." *GTE Cal., Inc. v. Fed. Commc'ns Comm'n*, 39 F.3d 940, 945 (9th Cir. 1994). "[A] case becomes moot when the issues presented are not longer live or the parties lack a legally cognizable interest in the outcome." *Pub. Utils. Comm'n of State of Cal. v. F.E.R.C.*, 100 F.3d 1451, 1458 (9th Cir. 1996) (internal quotation marks and citation omitted). When a question before the court has been mooted by changes in circumstances after the complaint is filed, there is no justiciable controversy. *Flast v. Cohen*, 392 U.S. 83, 95 (1968).

Questions of mootness regarding injunctions are viewed "in light of the present circumstances." *Mitchell*, 75 F.3d at 528. "[A] suit for injunctive relief is normally moot upon the termination of the conduct at issue." *Demery v. Arpaio*, 378 F.3d 1020, 1025-1026 (9th Cir. 2004). Thus, if a prisoner is no longer subjected to prison officials' allegedly unlawful activity, the complaint for injunctive relief becomes moot. *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985). A party seeking dismissal on mootness grounds bears a heavy burden. *Coral Constr. Co. v. King Cnty.*, 941 F.2d 910, 927-28 (9th Cir. 1991). A case becomes moot only "if subsequent events make it *absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (emphasis added).

Because a mootness defense equates to a lack of subject-matter jurisdiction defense under Federal Rule 12(b)(1), when considering a motion to dismiss on mootness grounds, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" so long as the evidence it considers does not implicate the merits of the underlying claim. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003).

**III. Discussion**

Defendants argue that Plaintiff lacks standing because the injunctive relief he seeks cannot be granted by the named Defendants. (Doc. 52 at 7–8.) To have Article III standing,

the following elements must be met: (1) the alleged injury must be "actual or imminent, not conjectural or hypothetical," (2) there must be a causal connection between the alleged injury and the conduct complained of, and (3) it must be "likely, as opposed to speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) (internal quotation marks and citations omitted). Defendants challenge the third element.

According to BOP policy, prisoners get 300 minutes of telephone time per month, but the Warden of each BOP facility has discretion to grant additional telephone time to prisoners at that Warden's particular facility, if the Warden determines that there is good cause. (*See* Doc. 10 at 7, ¶ 14.)[1] As previously mentioned, Plaintiff is currently confined at FCI-Herlong. The FCI-Herlong Warden is not a party to this action, and Defendants are not employed at FCI-Herlong. BOP policy makes it clear that only the FCI-Herlong Warden is authorized to increase Plaintiff's telephone minutes at that facility. Thus, it does not appear that Defendants can grant the requested injunctive relief. *See Hartmann v. Ca. Dep't of Corrections*, 707 F.3d 1114, 1127 (9th Cir. 2013) (stating that a plaintiff seeking injunctive relief must "identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief").

In his response, Plaintiff seems to concede that Defendants von Blanckensee and Young cannot grant the requested injunctive relief, but Plaintiff argues that "[i]t seems plain as day that the Regional Director has authority to take action." (Doc. 55 at 16.)[2] But, this is purely speculative. The policy clearly states that Plaintiff's current Warden is responsible for granting additional telephone minutes. Nowhere in the policy does it

---

[1] *See* BOP Program Statement 5264.08 at p. 9, https://www.bop.gov/policy/progstat/5264_008.pdf ("Inmates . . . are limited to 300 minutes per calendar month. . . . Inmates who exhaust their 300 minute limitation may be provided additional minutes, at the Warden's discretion, for good cause.") (last visited Oct. 13, 2020).

[2] To the extent Plaintiff seeks leave to file an amended complaint to add the BOP and/or the FCI-Herlong Warden as Defendants (*see* Doc. 55 at 18–19), this request is denied. This action has been pending for nearly 3 years. Plaintiff has had ample time to file an amended complaint and to add parties. Amending the complaint at this late stage of the proceedings would cause undue delay.

authorize Defendant Beasley as Regional Director to make such a decision, and Plaintiff has not shown otherwise. Accordingly, Plaintiff has failed to satisfy the redressability element to show standing, and the Court will dismiss the First Amended Complaint pursuant to Rule 12(b)(1).[3]

**IT IS ORDERED:**

(1) Plaintiff's Motion for Leave to File Excess Pages (Doc. 54) is **GRANTED**, and the Clerk of Court must file Plaintiff's Lodged Proposed Response (Doc. 55).

(2) Defendants' Motion to Dismiss (Doc. 52) is **GRANTED**, and this action and the First Amended Complaint (Doc. 10) are **DISMISSED** under Rule 12(b)(1) as discussed herein.

(3) Plaintiff's Motion for Preliminary Injunction (Doc. 56) is **DENIED AS MOOT.**

(4) Plaintiff's Motion for Status Update (Doc. 60) is **GRANTED** to the extent this Order informs Plaintiff of the status of this case.

(5) The Clerk of Court shall enter judgment accordingly.

Dated this 14th day of October, 2020.

Honorable Cindy K. Jorgenson
United States District Judge

---

[3] The Court will not address Defendants' Rule 12(b)(6) argument.