1  **WO**

2

3

4

5

6  ## IN THE UNITED STATES DISTRICT COURT

7  ## FOR THE DISTRICT OF ARIZONA

8

9  Kenneth Daniel Tiedemann, Sr.,          No. CV-17-00597-TUC-CKJ

10          Plaintiff,                      **ORDER**

11  v.

12  Mary M Mitchell, et al.,

13          Defendants.

14

15      On October 16, 2020, this Court granted Defendants Motion to Dismiss and entered

16  Judgment for Defendants. The Court denied reconsideration, and Plaintiff appealed. On

17  July 3, 2023, the United States Court of Appeals for the Ninth Circuit issued an Opinion

18  affirming in part and reversing in part this Court's decisions. The Mandate issued on

19  August 25, 2023. Accordingly, the case is returned to the Court's active docket.

20      Plaintiff challenged a Bureau of Prisons (BOP) policy that places a 300-minute-per-

21  month cap on phone calls. According to the appellate court, Plaintiff plausibly alleged

22  claims under the First and Fifth Amendment interests in free association with family and

23  others that survived the pleading stage. The appellate court affirmed this Court's dismissal

24  of Plaintiff's claims for injunctive relief brought against two Defendants, former wardens,

25  as moot because Plaintiff was transferred to another facility. It reversed dismissal of the

26  action against the Regional Director because Plaintiff challenged a regionally applicable

27  policy. Most importantly, the appellate court explained the Court erred by dismissing the

28  action without granting Plaintiff leave to amend to add his current warden as a co-

defendant. Pursuant to the appellate court's directives on remand, the Plaintiff should be allowed to file a Second Amended Complaint to add the warden of the facility where he is now incarcerated, and the Warden and Regional Director should file an Answer.

On September 5, 2023, Plaintiff filed a Notice of Change of Address which reflects that he is no longer incarcerated; he was released on August 7, 2023. This short circuits the Court's ability to follow the directives of the appellate court on remand. "A case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003) (quoting *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir.2001)). The Court considers *sua sponte* whether Plaintiff's release extinguishes his legal interest in an injunction because it would have no effect on him. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095 (9th Cir. 2004) (citing *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir.2002)).

An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to prison policies unless the suit is a class action. *Preiser v. Newkirk*, 422 U.S. 395, 402–03 (1975); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir.1991); *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986). Plaintiff proceeds here for injunctive relief only. His damage claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), were dismissed pursuant to *Ziglar v. Abbasi*, 582 U.S. 120 (2017), because they arose in a new *Bivens* context and that there were special factors counseling hesitation in the expansion of *Bivens*. (Order (Doc. 12) at 5; Order (Doc. 28) at 1 n.1), *affirmed, Tiedemann v. Von Blanckensee*, 72 F.4th 1001, 1015 (9th Cir. 2023).

The Court is mindful of the appellate court's admonition to not take a "whack-a-mole" approach to mootness. (Decision (Doc. 72-1) at 14.) As the appellate court did, this Court is guided by *Dilley v. Gunn,* 64 F.3d 1365 (9th Cir. 2001). In *Dilley,* the court considered whether the case is "capable of repetition, yet evading review." *Roe v. Wade*, 410 U.S. 113, 125 (1973). This exception to the mootness doctrine applies when (1) the challenged action is too short in duration to be fully litigated prior to its expiration and (2)

there is a reasonable expectation that the injury will occur again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (*per curiam*). Dilley's claim fell short because a claim of inadequate access to legal materials is not of short duration and, as the mirid of cases challenging access to prison law libraries demonstrated, these claims do not escape review. *Dilley*, 64 F.3d at 1368–69. The same can be said for Plaintiff's First and Fifth Amendment claims challenging BOP's 300-minute-per-month cap on phone calls.

First, the duration of this challenged action is limited only by the length of incarceration. For example, Plaintiff's action was filed in 2017 and dismissed on October 16, 2020. There was ample time to resolve the claims, which remain pending only because Plaintiff successfully appealed the dismissal. The challenged act, the 300-minute-per-month cap on phone calls, is not short in duration.

Second, like Dilley, the Plaintiff cannot demonstrate a reasonable expectation that he will be subjected again to the challenged policy. When Dilley was subjected to the challenged prison law library policy, he was classified at the highest level of risk but then transferred to a lower-level security institution. He would be reclassified to high risk and correspondingly subject to the challenged policy only if he were to commit a serious violation of prison rules. This was "too speculative" to prevent mootness. *Id.* at 1369 (citing *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985); *see also Reimers v. Oregon*, 863 F.2d 630, 632 & n. 4 (9th Cir.1988) (plaintiff who had been released from prison had no reasonable expectation of return because such return would occur only if the plaintiff committed additional criminal acts). Plaintiff has no reasonable expectation of returning and being subjected to the 300-minute-per-month cap for phone calls because this would only occur if he committed additional criminal acts.

When Plaintiff brought this action, an injunction would have afforded him relief but now an injunction would not provide any effectual relief to him whatsoever. "The underlying concern is that, when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated, then it becomes impossible for the court to grant any effectual relief whatever to the prevailing party." *City of Erie v. Pap's*

*A.M.*, 529 U.S. 277, 287 (2000) (internal citations and quotations omitted). If the parties cannot obtain any effective relief, any opinion about the legality of a challenged action is advisory. *Id.* An issue becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id., see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 22 (1997) (explaining "requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)") (internal citation and quotation omitted).

"The party asserting mootness has a heavy burden to establish that there is no effective relief remaining for a court to provide." *In re Palmdale Hills Property, LLC*, 654 F.3d 868, 874 (9th Cir.2011). If a case becomes technically moot, it may nevertheless be judiciable if one of three exceptions to the mootness doctrine applies: (1) where a plaintiff "would suffer collateral legal consequences if the actions being appealed were allowed to stand"; (2) where defendant voluntarily ceased the challenged practice; or (3) for "wrongs capable of repetition yet evading review." *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 964–66 (9th Cir.2007).

The Court calls for full briefing by the parties on whether the release of Plaintiff has rendered this action moot.

**Accordingly,**

**IT IS ORDERED** that the Clerk of the Court shall return this case to the Court's active docket.

**IT IS FURTHER ORDERED** that within 21 days of the filing date of this Order, the Defendants shall file an opening brief addressing mootness.

/////
/////
/////
/////
/////
/////

1    **IT IS FURTHER ORDERED** within 21 days of Defendants' filing their brief, the

2    Plaintiff shall file a Response. Defendants may file a Reply within seven days of the filing

3    date of the Response.

4          Dated this 12th day of September, 2023.

5

6

7          Honorable Cindy K. Jorgenson
          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28